**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SATNAM SINGH KHOSA, | No.  1:26-cv-00532 JLT CDB (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KRISTI NOEM, *et al.*, | (Doc. 17) |
| Respondents. | |

Satnam Singh Khosa is a federal immigration detainee. He initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order, which the Court denied as untimely.  (Docs. 1, 2, 6.)  Petitioner is in custody of the Immigration and Customs Enforcement at the Golden State Annex facility located in McFarland, California.  (Doc. 1 ¶ 27.)

On February 27, 2026, the assigned magistrate judge issued findings and recommendations to grant in part Petitioner's petition for writ of habeas corpus only as to Petitioner's procedural due process claim under the Fifth Amendment to the U.S. Constitution (Count Four).  (Doc. 17.)  The Court served the findings and recommendations on the parties, and Respondents timely filed objections.  (Doc. 18.)

In their objections, Respondents object to the findings and recommendations for the same reasons advanced in Respondents' earlier filing, to wit, that Petitioner's detention is governed by

1

and mandatory under 8 U.S.C. § 1225(b) and that Petitioner's due process claims fail thereby. *Id.* at 1-2; *see* (Doc. 14 at 1-2.)  Respondents further object to the recommendations that Petitioner be immediately released and Respondents be permanently enjoined from detaining Petitioner with the burden to show that he is not a danger to the community or a flight risk when it is both lawful and constitutional to detain an alien whether discretionary or mandatory during the pendency of removal proceedings. *Id.* at 3-4.  Respondents separately contend that should Petitioner be subject to an executable final order of removal, the government should not be prevented from detaining him for that removal, of which the Court agrees. *Id.* at 4.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.  Thus, the Court **ORDERS**:

1. The findings and recommendations issued on February 27, 2026 (Doc. 17) are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** in part as to Petitioner's procedural due process claim arising under the Fifth Amendment to the U.S. Constitution (Count Four).

3. Respondents are **ORDERED** to release Petitioner **IMMEDIATELY**.[1]

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

5. The Clerk of the Court be **DIRECTED** to enter judgment for Petitioner and to close

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, SHALL be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's SHALL provide a bond hearing in the timeframe required by law.

this case.

IT IS SO ORDERED.

Dated:   **March 9, 2026**

UNITED STATES DISTRICT JUDGE